UNITED STATES, Appellee

v

MICHEAL E. VASQUEZ, Specialist Four, U. S. Army, Appellant

No. 26,852

November 16, 1973

*Captain Denis E. Hynes* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Captain Richard M. Evans,* and *Captain J. Houston Gordon.*

*Lieutenant Colonel Donald W. Hansen* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain James T. Harper,* and *Captain Robert C. Roth, Jr.*

### OPINION OF THE COURT

Darden, Chief Judge:

In this case, the accused contends that the military judge erred in admitting evidence that marihuana and hashish were seized during a search of his locker

and automobile. The Government argues that the search was justified on the basis of both probable cause and the accused's consent.

The accused was a member of a platoon temporarily attached to another unit at Hunter-Liggett Army Base, California. On November 1, 1971, Staff Sergeant Clayton S. Glore received an anonymous telephone call at the Military Police station. The caller advised Glore that the accused had six bricks of marihuana in his locker. Sergeant Glore informed Captain Melvin A. Miller, the accused's commanding officer, of the call and added that the accused had also been named by another informant to local civilian police as being involved with drugs. Miller recalled that he had observed the accused before in what appeared to be an intoxicated condition. The accused's platoon sergeant, Sergeant First Class Alvin A. Garcia, had informed Miller a few days earlier that the accused had received a letter from the Internal Revenue Service demanding payment of the tax due on marihuana that he had imported from Mexico into Texas.

Although advised by the staff judge advocate's office that he did not have probable cause to search the accused's locker and car, Captain Miller reached a contrary conclusion and decided to make the search. He also determined that he would attempt to obtain the accused's consent.

Accompanied by military policemen and a supply sergeant equipped with a sledgehammer and bolt cutters, Captain Miller went to the accused's barracks. When the accused was brought to the scene, the Captain advised him of his rights under Article 31 and his right to be represented by counsel. He informed the accused that he was suspected of possessing dangerous drugs and asked permission to search his locker and car. Captain Miller added that " 'with or without your consent, it will probably be opened anyway.' " The accused, who appeared somewhat despondent, stated, "Yeah, why not," and indicated that he understood he was consenting to the search.

Upon examination, the accused's locker contained a large quantity of marihuana. Additional marihuana and hashish were discovered in the accused's car. Captain Miller explained that the need to search the vehicle was prompted by the limited locker space at Hunter-Liggett Army Base. This lack of facilities caused most soldiers to store items in their cars and he believed that the discovery of marihuana in the accused's locker would indicate that more of the drug was probably stored in the automobile.

In overruling the defense objection that the search and seizure of the locker and car was illegal, the military judge stated that the totality of the information known to Captain Miller established probable cause. He added that while the Government's evidence on consent had "a rather strong appeal, . . . I hesitate to conclude from that evidence that it shows any more than a mere submission to authority by Vasquez."

■ Turning first to the question of consent, we reject the Government's contention that this search may be upheld as consensual. The military judge found that the evidence, while appealing, was insufficient to establish more than the accused's mere submission to authority. This essentially factual determination was substantially supported by the evidence and is binding on this Court. United States v Alaniz, 9 USCMA 533, 26 CMR 313 (1958). Captain Miller forthrightly stated to the accused that his locker and car would probably be searched with or without his consent. That statement, joined with the presence of a supply sergeant equipped with bolt cutters and a sledgehammer, was unlikely to cause the accused to believe that his refusal to consent to the search would be effective. See United States v Rushing, 17 USCMA 298, 38 CMR 96 (1967). See also United States v Insani, 10 USCMA 519, 28 CMR 85 (1959).

■ We also hold that probable cause was not made out for the search of the locker and car. Essentially, Captain Miller knew that two anonymous informants had stated that the accused was either involved with drugs or possessed them; that he had observed the accused in an apparently intoxicated condition;

and that the Internal Revenue Service was attempting to tax the accused for a marihuana transaction that had occurred elsewhere. Taken singly or together, these circumstances constitute an inadequate basis for reasonably inferring that the accused was then in possession of the drug. At most, they give rise to suspicion that the accused possessed marihuana, but suspicion is not enough. Henry v United States, 361 US 98 (1959); United States v Gibbins, 21 USCMA 556, 45 CMR 330 (1972).

■ Information from anonymous informants is insufficient to establish probable cause unless their reliability is established. United States v Gibbins, supra; United States v Wheeler, 21 USCMA 468, 45 CMR 242 (1972); United States v Lidle, 21 USCMA 455, 45 CMR 229 (1972). The authorizing official must also know "some of the underlying circumstances that caused the person to believe the object of the search is where he thinks it is." United States v Lidle, supra at 457, 45 CMR at 231. These circumstances were neither known to the military police nor communicated to Captain Miller. That the accused had on some previous occasion been intoxicated and that he was being dunned by the Internal Revenue Service in connection with an entirely different incident do not add enough specificity to the report that the accused possessed marihuana to constitute probable cause. In short, Captain Miller may have had strong reasons to suspect the accused but he did not possess enough information to authorize the search. We conclude that the military judge erred prejudicially in admitting evidence that the accused was found in possession of the contraband.

The findings of guilty and sentence are set aside. The decision of the United States Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army. The Charge and its specifications are ordered dismissed.

Judge DUNCAN concurs.

QUINN, Judge (dissenting):

In my opinion, the totality of information possessed by Captain Miller was sufficient to justify his authorization to search. Within a time not too remote from receipt of the report of accused's possession of marihuana, he had personally observed the accused in a condition that indicated that he was under the influence of either liquor or prohibited substances. Only 3 days before the reports, he had been informed by Sergeant Garcia that the federal government was asserting a tax claim against the accused for bringing marihuana into the country. This information strengthened the probability that the earlier observed condition was due to use of marihuana rather than alcohol. The combination of the accused's condition and the federal claim provided a reasonable basis for concluding that the accused was recently involved with that substance. Such implication corroborated the probable reliability of the information provided by the informants. I would, therefore, affirm the decision of the Court of Military Review.